UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICIA COLEMAN,
                Plaintiff,

          vs.                                        5:07-CV-960
                                                          (NAM/GJD)

DOWNTOWN CHOCOLATE CANDY STORE
and SYRACUSE WELFARE OFFICE,

                Defendants.[1]
_____

APPEARANCES:

Patricia Coleman Herbert
CR-2147-2006
Muncy Prison
P.O. Box 180
Muncy, Pennsylvania 17756
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION AND ORDER

**I.    Background**

The Clerk of the Court has sent to the Court for review a *pro se* complaint submitted for filing by plaintiff Patricia Coleman.[2] While plaintiff, who is incarcerated in Muncy Prison in Muncy, Pennsylvania, has submitted a prisoner authorization form, *see* Dkt. No. 2, she has neither submitted an *in forma pauperis* application nor paid the filing fee required for this action.

---

[1] Plaintiff also includes "My Medical Records" in the caption. Plaintiff's "medical records" will not be deemed to be a defendant.

[2] Plaintiff has filed two other actions in this District under different names. *See* [Patricia Coleman] *Duke v. Moore*, 5:06-CV-1405 and [Patricia Coleman] *Herbert v. Syracuse, New York Welfare Office*, 5:06-CV-848. Both of those actions have been dismissed.

Plaintiff is attempting to set forth claims against a "Downtown Chocolate Candy Store" that was located in Syracuse, New York in 1983 and the "Syracuse Welfare Office." Plaintiff alleges that she met a man at a "Downtown Chocolate Candy Store" in Syracuse, New York and became pregnant with this unknown man's child. Dkt. No. 1 at 2. Plaintiff has filed this action because she wants "the courts" to help her find this unknown man -- her child's father -- so that he can see his child and so that plaintiff can "get welfare."[3] In the first instance, plaintiff has not clearly named defendants that are amenable to service of process, and has not alleged actual wrongdoing on the part of either defendant. Neither of the defendants are identifiable entities.[4] Moreover, a "Downtown Chocolate Candy Store" that existed in Syracuse, New York in 1983 is not a person for purposes or Section 1983, and in any event is not alleged to have acted under color of state law. *See* 42 U.S.C. § 1983 (§ 1983 provides that an action may be maintained against a "person" who, under color of state law, has deprived another of rights under the "constitution and laws."). Viewing the complaint as a whole, and having liberally construed plaintiff's claims in light of her *pro se* status,[5] the Court is not able to discern any legally viable allegations plaintiff is making against the named defendants. In fact, she does not appear to be seeking any sort of relief against the named defendants but rather the assistance of the Court in locating her daughter's father, who is not a defendant to this action. Plaintiff has failed to allege any valid claim against either of the defendants.

---

[3] Plaintiff claims that she cannot get welfare until she provides the name of her child's father. Dkt. No. 1 at 3.

[4] As to defendant "Syracuse Welfare Office," Plaintiff may be referring to the Onondaga County Department of Social Services. However, Plaintiff has not sufficiently identified the actual agency or the individuals involved in any alleged wrongdoing.

[5] Pro se pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972).

Although the court has a duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)(per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. Herkimer County*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

In this instance, the Court cannot discern any viable claim against either of the defendants. Accordingly, plaintiff's complaint is dismissed as frivolous without opportunity to amend.[6]

WHEREFORE it is hereby

ORDERED that this action is **DISMISSED**; and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED

Date:  October 25, 2007

Norman A. Mordue
Chief United States District Court Judge

---

[6] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).